Frost, J.
delivered the opinion of the Court.
The instructions to the jury required by the first and third grounds of appeal, were not warranted by any evidence in the case. The improper conduct of the defendant which, according to the first ground, justified his wife in leaving him, did not occur until after her return from the temporary separation, during which the plaintiff’s services were rendered; and there was no evidence of the defendant’s consent, which can support the exception taken in the third ground.
The second ground does not controvert the general rule *493 that, if a wife voluntarily leaves her husband, he is not liable for necessaries, supplied by one who had notice. But it is contended that the services rendered by the plaintiff, are excepted from the rule. No authority has been shewn for such an exception. Disease, in various forms, may as much endanger life and require the aid of a physician, as the occasion on which the plaintiff ministered, and so, the exception that is claimed, if admitted, must draw after it many others. Food and clothing and lodging are indispensable to life; and these must be admitted. Thus the reasoning which would support the exception, abates the rule.
Holt’s Rep. 103.
2 Com. 147.
13 J. R. 293. 11 J. R. 281.
A question has been made in the argument, whether, if a wife leaves her husband and is received back by him, he becomes liable for necessaries supplied to her during her absence. The only affirmative authority adduced, is a Nisi Prius dictum of Lord Holt, in Robinson v. Grenold. In that case, the husband discovered the wife to be a very lewd woman, and went away from her. She, after living, several years, with an adulterer, was received and entertained in the plaintiff’s house, who brought the action against her husband for her board and lodging. Holt, C. J. held that the lewdness of the wife, if she will cohabit with her husband, does not exonerate him from the obligation to maintain her; and that if he turn her away, on that account, he is chargeable for necessaries supplied to her. On this ground judgment was rendered for the plaintiff. But it is added by the reporter, the C. J. seemed to be of opinion that if a wife had run away and contracted debts, and afterwards the husband received her, that would make him liable to the debts; like the case where the wife elopes with an adulterer, though she, thereby, forfeits her dower, yet if the husband receive her again, she shall have her dower again. The analogy to dower, which is a benefit to accrue to the wife, after her return, would seem to limit the liability of the husband to debts contracted after he had received her back. The dictum appears to have been so understood by Chancellor Kent. In treating of the husband’s liability for necessaries supplied to the wife, on her voluntary separation, he says, — “ the husband is not liable unless he receives her back again,” — and cites the case of Robinson v. Grenold, and Williams v. McGahay, in which latter case, and in McCutchin v. McGahay, referred to in it, it was held that the husband is liable for necessaries, supplied from and after her return. And in Chitty on Contracts, 168, Robinson v. Grenold is cited to shew that the husband, “after reconciliation, is liable upon his wife’s contracts, entered into, after reconciliation, precisely to the extent to which he was responsible before her elopement.” The authority, thus restricted, is more consistent with the general principle from which it is derived. The power of the wife to charge her husband for necessaries is *494 not conferred, by marriage, as a personal right. It depends on his presumed sanction and consent. An agency to prov^e necessai’ies is inferred from her superintendence of his But her agency is determined when she departs from him. He is bound to provide her with necessaries, at homeland not elsewhere. The credit of her husband for necessaries is taken away from her when she separates herself from him. Her agency does not diifer from that of a servant; and the husband should not be liable, on the return of his wife, for debts contracted during her absence, any more than goods taken up by a servant, from a tradesman, who had notice that he had left his master’s employment, should be charged to his master, when restored to his service. Emmett v. Norton; Manly v. Scott. If the wife offers to return, and her husband refuses to receive her, he is only liable for necessaries supplied after his refusal. Childs v. Hardiman. There is inconsistency in holding that the husband’s liability shall be greater if he receives back his wife, than if he rejects her offer to return; and besides, it would be an impediment to reconciliation.
Lead. Cases, 2 ra' ' 8 Car. & P. 506. 2 Smith’s
This Court is satisfied with the instructions of the Circuit Judge and with the verdict on the evidence.
The motion is dismissed.
Richardson, J. — Evans, J. — and Wardlaw, J. — concurred.

Motion refused.